BESSIE HAUCK SCHNEIDER, complainant,

*v.*

WINCHESTER DEVELOPMENT COMPANY et al., defendants.

[Decided April 2d, 1930.]

*Messrs. Repetto & Godfrey,* for the complainant.

*Mr. John A. Riggins, pro se,* as receiver of Winchester Development Company.

*Messrs. Thompson & Hanstein,* for the defendant Richard P. Bloom.

INGERSOLL, V. C.

In addition to what I said at the time of the hearing, in which I declined to advise a decree for specific performance, but stated that I was very much inclined to believe that if it is within the power of the court—and I was, without looking into it, inclined to believe that it was—to advise a decree for the return of the money, or at least the imposing of a trust upon such funds as may be of the money which this man has paid, for which he has received nothing.

My attention has been called to *Ludlum* v. *Buckingham, 35 N. J. Eq. 71* (at *p. 82*), where Vice-Chancellor Van Fleet said:

"In actions for specific performance, it seems to be settled that where the defendant has, pending the suit, deprived himself of the ability to perform, or where he has, before suit, disabled himself to perform, without the knowledge of the complainant, and the complainant brings his suit in good faith, believing that the defendant can perform a decree for specific performance, or where the complainant establishes a case clearly showing that he is entitled to equitable relief, and it appears that he has no remedy at law, or that his legal remedy is precarious, equity, although it cannot enforce specific performance, will nevertheless retain jurisdiction, and give damages or compensation, either by estimating them itself, or by awarding an issue of *quantum damnificatus. Morss* v. *Elmendorf, 11 Paige 277; Wiswall* v. *McGowan, 1 Hoffm. Ch. 126; Milkiman* v. *Ordway, 106 Mass. 232; Phillips* v. *Thompson, 1 Johns. Ch. 131.*

"The rule deducible from the authorities, I take to be this: In actions for specific performance or kindred actions, a court of equity may always, when the compensation or damages can be ascertained by a simple calculation, give relief in that form, where such relief is indispensable to the working out, with completeness, of an equitable result, or the right to relief is a matter purely of equity cognizance, or the remedy at law is precarious or extremely difficult."

The difficulty in applying this case to the case *sub judice* is that a receiver has been appointed for the Winchester Development Company, and said receiver has been admitted as a defendant, and before an order can be made impressing a trust upon the assets of that corporation, the money paid must be traced into some specific asset of the insolvent corporation.

As Vice-Chancellor Leaming said in *Pierson* v. *Phillips, 85 N. J. Eq. 60:*

"The evidence has not traced the trust funds into any specific property. What actually became of the trust funds is not known, and it is impossible in such circumstances to determine that the money was in or formed a part of any asset of intestate's estate in the absence of any evidence to

that effect. Where the trust property cannot be identified either in its original or a substituted form, this court can afford no relief of the nature here sought; in such case the remedy of the *cestui que trust* is that of a creditor and is administered elsewhere. The following adjudicated cases of this state fully exemplify the views herein expressed: *Ellicott* v. *Kuhl, 60 N. J. Eq. 333; Collins* v. *Lewis, 60 N. J. Eq. 488, 491; Heinisch* v. *Pennington, 73 N. J. Eq. 456, 463; Harrison* v. *Fleischman, 70 N. J. Eq. 301, 303; Smith* v. *Combs, 49 N. J. Eq. 420, 423."*

I will advise a decree dismissing the bill.